```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MERVIN NOLT ZIMMERMAN, et al. | : | NO. 09-5158 |

MEMORANDUM

Bartle, C.J.                                          April 19, 2011

      The United States filed suit against defendants Mervin Nolt Zimmerman and Mildred Zimmerman, husband and wife, and the M&M Family Trust to reduce to judgment assessments of federal income taxes and to foreclose federal tax liens.  Before the court is the motion of the United States for default judgment under Rule 37 of the Federal Rules of Civil Procedure.

I.

      The United States filed suit against the defendants in November 2009.  The complaint seeks to reduce to judgment assessments of federal income taxes that the Secretary of the Treasury made against Mervin Nolt Zimmerman for the years 1996 through 1999 and 2003 through 2005.  The total amount assessed against Mervin Zimmerman for all seven years, including taxes, statutory additions, interest, and penalties, is $481,117.19 as of October 31, 2009.  The complaint also seeks to reduce to judgment assessments of federal income taxes the Secretary of the Treasury made against the M&M Family Trust for the years 1998 and

1999.  The M&M Family Trust owed $60,287.15 on these assessments as of October 31, 2009.

Finally, the complaint asks the court to foreclose federal tax liens that arose on property and rights to property belonging to Mervin Zimmerman and the M&M Family Trust as a result of the assessments.  The complaint alleges that these liens attached to a farm at 492 East Farmersville Road, New Holland, Lancaster County, Pennsylvania where the Zimmermans live.  According to the complaint, the Zimmermans sold the farm to Linda Glick on August 12, 1991 for $1.00.  Mrs. Glick allegedly sold the farm to the M&M Family Trust on the same day for "200 Units of Beneficial Interest in the M&M Family Trust," a trust in which Mervin Zimmerman is a trustee.  The United States alleges that the M&M Family Trust holds title to the Farmersville Road property as an alter ego or nominee of the Mervin and Mildred Zimmerman.[1]

On behalf of the United States, the Clerk entered defaults against all defendants in January 2010 after each defendant failed to file a timely answer.  The defendants retained counsel, the parties agreed to set aside the entry of default, and the defendants answered.

On August 19, 2010, the United States filed a motion to compel a response to interrogatories and requests for the production of documents that defendants failed to answer.  The

---

1. Mildred Zimmerman is named as a defendant because she may hold an interest in the real property at issue.

court granted the motion to compel and ordered defendants to respond to the government's discovery requests by August 30.

Defendants responded to the discovery requests by the court-ordered deadline. In their interrogatory responses, the defendants identified several entities and individuals as having information that may support the affirmative defenses set forth in their answers. Specifically, the defendants identified Farmersville Crane, LLC ("Farmersville Crane") as an entity for which Mervin Zimmerman works and identified Edwin Zimmerman as an individual with relevant knowledge. Defendants' interrogatory responses stated that Edwin Zimmerman lives at the same address as Mervin and Mildred Zimmerman.

Based on this information, the United States caused subpoenas for the production of documents and for deposition testimony to issue to Farmersville Crane and to two Edwin Zimmermans that live at the defendants' address.[2] The United States also caused a subpoena to issue to the WEMER Family Trust, an entity on whose accounts defendant Mervin Zimmerman had check-writing authority. Finally, due to the paucity of useful information in the defendants' interrogatory responses, the United States issued a second set of interrogatories and requests for production of documents to the defendants and noticed depositions for each of the three defendants.

---

2. Unsure of which of the two Edwin Zimmermans was the one with the relevant information, the United States caused subpoenas to issue to both.

None of the third parties produced documents in response to the government's subpoenas, and it elected to take these parties' depositions without their documents. On December 8, 2010, an unidentified man appeared at an IRS facility in Lancaster, Pennsylvania for the deposition of the WEMER Family Trust. The man refused to identify himself but said that counsel for the United States could call him "friend." The man left without testifying but did leave a handwritten "NOTICE" that reads:

> For the record I am here in the matter of the name EDWIN ZIMMERMAN there is a mistake I have never been properly noticed Where is the meeting of the minds I want to settle this matter honorably I trust you can settle the matter

The United States made a record of the events at this deposition by placing the building security guard under oath and having the guard describe the exchange he had witnessed between the unidentified man and counsel for the United States.

The next day, December 9, 2010, the same anonymous individual appeared for the deposition of Edwin H. Zimmerman. He once again refused to testify, but he did read a statement on the record that substantially mirrors the content of the "NOTICE" he had provided at the previous day's deposition. Later in the afternoon of December 9, defendant Mervin Zimmerman appeared without his attorney for the deposition of Farmersville Crane. Mervin Zimmerman stated repeatedly that he was only present for "the matter of the name," and when asked if he was present to

testify on behalf of Farmersville Crane, he answered, "Apparently not." The only "testimony" Mervin Zimmerman would give was this:

> For the record, I'm here for the matter of the name Mervin Zimmerman. There is a mistake. I have never been properly noticed. Where is the meeting of the minds? I want to settle this matter honorably. I trust you can settle the matter.

The defendants failed timely to answer the United States' second set of discovery requests, and on December 13, 2010, the United States moved to compel responses to these requests. It explained that it needed the requested documents and interrogatory responses by December 16 because depositions of the defendants were scheduled to begin on that date. Since defendants had failed to make any response to the discovery requests, the court summarily granted the motion on December 14, 2010. It ordered defendants to answer the interrogatories and produce the requested documents to the United States by 12:00 p.m. on December 16.

On December 16, defendants Mervin and Mildred Zimmerman appeared for Mildred Zimmerman's deposition without their attorney. As they entered the IRS facility, they were required to present photo identification to the building security guard. The United States began by asking Mildred Zimmerman for her name. She responded, "You can call me friend." When asked the next question, she responded, "For the record, in the matter of Mildred Zimmerman, there appears to be a mistake. I have never been properly noticed. Where is the meeting of the minds so I

-5-

can deal with the matter honorably?" Mildred Zimmerman then stated that she had nothing else to say.

Mervin Zimmerman then offered to read the statement he would otherwise have read at his deposition and the deposition of M&M Family Trust, both scheduled for the following day, December 17. He then proceeded to read the same statement Mildred Zimmerman had just read, replacing the name "Mildred Zimmerman" with "Mervin Zimmerman." The Zimmermans both confirmed that they did not bring any documents to the deposition and that they would not respond to the government's discovery requests. Having confirmed they would say no more, the Zimmermans left and the United States once again placed the building security guard under oath. The security guard testified that the two people who spoke to counsel for the United States moments before had been Mervin and Mildred Zimmerman and that they brought only one thin envelope apiece to the deposition.

On December 22, 2010, the defendants' attorney, Jonathan Altman, Esquire moved to withdraw his appearance. Mr. Altman stated that the defendants had unexpectedly terminated his services on December 15, the day before Mildred Zimmerman's deposition. Shortly thereafter, the court received two pieces of correspondence from the Zimmermans. Each is a note that has been written by hand onto the court's order of December 14, 2010. The first reads:

> For the record,
>     In the matter of the name MERVIN ZIMMERMAN
>     There appears to be a mistake

> I have never been properly noticed,
> Where is the meeting of the minds,
> So that I can deal with The matter honorably.

The second letter is substantially identical but includes the name Mildred Zimmerman in capital letters in place of Mervin Zimmerman.

Between December 22 and December 29, 2010, the United States filed three motions.  First, the United States asked the court to enter sanctions, including judgment, against the defendants under Rule 37 of the Federal Rules of Civil Procedure due to their continuing failure to participate in discovery.  The United States filed a second motion requesting in the alternative an order to compel the defendants to appear and participate in a deposition.  Finally, the United States sought to have the court hold in contempt Farmersville Crane, WEMER Family Trust, and the two Edwin Zimmermans for failing to testify or produce documents in response to the government's subpoenas.

On January 13, 2011, the court once again ordered the defendants to respond to the government's discovery requests, which had also been the subject of the December 14 order.  The court further ordered Mervin and Mildred Zimmerman and a representative of the M&M Family Trust to appear and "participate cooperatively" in the taking of their depositions on February 17, 2011.  The court entered a separate order requiring Farmersville Crane, WEMER Family Trust, and both Edwin Zimmermans to appear before the court and show cause why they should not be held in

contempt for failing to comply with the subpoenas issued at the request of the United States.

At the show cause hearing on February 15, 2011, one of the Edwin Zimmermans appeared and admitted receiving the United States' subpoena. When asked by the court to explain his failure to comply, Edwin Zimmerman repeatedly stated only that the court could call him "friend," that there was a mistake in this matter, that he had not received proper notice, and he wanted "to deal with this matter honorably." Despite Edwin Zimmerman's obstinance and refusal to purge his contempt, the United States stated it was not necessary to incarcerate him because the documents at issue were of unknown value and were requested primarily to ensure that the defenses asserted in the answer to the complaint lacked merit. Defendant Mervin Zimmerman was present in the gallery for the show cause hearing.[3] As the hearing concluded, the court admonished those present that serious consequences would attach to the defendants' continued refusal to participate in discovery.

Two days after the show cause hearing, the Zimmermans appeared at the IRS office in Lancaster, Pennsylvania to be deposed as required by the court's January 13 order. The Zimmermans would not be seated and refused to testify. Mervin

---

3. The court was not made aware of Mervin Zimmerman's presence during the hearing. The documents submitted with the motion for entry of default judgment explain that counsel for the United States observed defendant Mervin Zimmerman present in the courtroom.

Zimmerman insisted repeatedly that he was "just here for the matter of the name." When asked by the United States to be seated and be deposed, Mervin Zimmerman stated, "Well, just going to make the statement, as I'm here for the matter for the name Mervin Nolt Zimmerman. You can call me friend, and where is the proper notice so I can deal with this matter honorably." Mervin and Mildred Zimmerman confirmed that they had nothing further to say and brought no documents with them. Mervin Zimmerman acknowledged that he was appearing on behalf of M&M Family Trust. Counsel for the United States explained to the Zimmermans that they were required by a court order to appear and participate in the depositions, but the Zimmermans said nothing further. Counsel for the United States suspended the depositions.

The motion of the United States under Rule 37 of the Federal Rules of Civil Procedure for default judgment against Mervin and Mildred Zimmerman and M&M Family Trust followed. No defendant filed an opposition to this motion, but the court did receive by mail a "Notice" from one of the defendants. The "Notice" was enclosed with the copy of the motion for default judgment that counsel for the United States served on Mervin Zimmerman. The "Notice" reads:

> Date: Mar. 11, 2011
>
> To: Judge: Harvey Bartle III
>
> <u>Notice</u>
>
> In the matter of UNITED STATES V. MERVIN ZIMMERMAN, There is a mistake. You can call me friend  I have important first-hand

>Testimony to help you settle the matter
>honourably.
>
>When can we meet so I can provide you with
>this evidence?
>
>Thank you,
>Friend
>>492 East Farmersville Rd
>>New Holland, PA 17557
>>717-314-1058

## II.

The court is empowered to sanction parties that refuse to participate in discovery. Fed. R. Civ. P. 37(b)(2)(A). The court is specifically authorized to enter default judgment against a party based on that party's failure to participate or cooperate in the discovery process. Id. at 37(b)(2)(A)(vi). Entry of default judgment is "the most severe" sanction a court can impose for discovery misconduct and is appropriate only where a party demonstrates "flagrant bad faith." Nat'l Hockey League v. Met. Hockey Club, Inc., 427 U.S. 639, 643 (1976). In deciding whether entry of default judgment is an appropriate sanction we consider the six factors enumerated by our Court of Appeals in Poulis v. State Farm Fire & Casualty Co. 747 F.2d 863, 868-70 (3d Cir. 1984). These factors are:

> (1) the extent of the *party's* personal *responsibility*; (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim or defense.

Id. at 868 (emphases in original); see Hoxworth v. Blinder, Robinson & Co., Inc., 980 F.2d 912, 921 (3d Cir. 1992). No single factor is dispositive, every factor need not be present, and "there is no 'magic formula'" for balancing these six factors. Briscoe v. Klaus, 538 F.3d 252, 263 (3d Cir. 2008).

Each of the Poulis factors supports entry of default judgment against the defendants. Mervin and Mildred Zimmerman are personally responsible for frustrating the discovery efforts of the United States. They appeared without counsel on their own behalf and on the behalf of M&M Family Trust at two separately scheduled depositions without counsel and refused to testify. One of those depositions was held pursuant to this court's order. Further, the Zimmermans personally responded to the court's December 14, 2010 order and the motion of the United States for entry of default judgment by writing meaningless missives to the court. The Zimmermans disregarded two court orders requiring them to produce responses to the United States' interrogatories and requests for the production of documents.

Moreover, the court does not consider it a coincidence that Farmersville Crane, WEMER Family Trust, and one of the Edwin Zimmermans engaged in the same contumacious behavior as the defendants. Edwin Zimmerman, on behalf of himself and the WEMER Family Trust, refused to testify or produce documents in response to the government's subpoena. Defendant Mervin Zimmerman engaged in nearly identical conduct when subpoenaed to testify and produce documents in his individual capacity and on behalf of M&M

Family Trust and Farmersville Crane.  The record reflects that Edwin Zimmerman lives at the same address as Mervin Zimmerman, engaged in the same behavior as defendants, and attempted to justify his contumacious conduct with the same language that defendants Mervin and Mildred Zimmerman recited at their depositions.  The court finds that defendants coordinated with a third party, Edwin Zimmerman, to frustrate the discovery process.  Thus, the defendants Mervin and Mildred Zimmerman are personally responsible not only for their own failure to respond to discovery requests but for engineering non-compliance by another with subpoenas issued on behalf of the United States.  See Hoxworth, 980 F.2d at 920.

The defendants' conduct has caused significant prejudice to the United States in litigating this matter.  Counsel for the United States been required to travel from Washington D.C. to Lancaster, Pennsylvania on multiple occasions in a futile effort to depose the defendants and their related third parties.  Since December 2010, the United States has been required to file two motions to compel discovery responses from the defendants.  When the United States attempted to pursue discovery through third-party subpoenas, the defendants conspired with others to stymie those efforts.  The United States had no alternative but to bring a motion for contempt.

The defendants have demonstrated a distinct pattern of dilatory and contemptuous conduct.  Even while defendants were represented, the United States obtained answers to its first set

of discovery requests only by bringing a motion to compel.
Thereafter, while proceeding pro se, the defendants have failed
to respond to the United States' discovery requests despite two
separate court orders requiring compliance and a verbal
admonition by the court at the show cause hearing.  Moreover, the
defendants refused to participate in their depositions despite a
court order requiring them to do so.  Defendants' conduct
represents a concerted effort to obstruct these proceedings.  See
Coastal Mart, Inc. v. Johnson Auto Repair, Inc., 196 F.R.D. 30,
34-35 (E.D. Pa. 2000).  In sum, the behavior of the defendants in
this case was clearly willful, motivated by obvious bad faith,
and with the clear intent to frustrate the judicial process.  See
United States v. Hempfling, Case No. 05-594, 2008 WL 703809, at
*8-*9 (E.D. Cal. Mar. 13, 2008).

The United States' claims in this case appear
meritorious.  A claim is meritorious in this context when the
allegations in the complaint would support recovery if proven at
trial.  Poulis, 747 F.2d at 869-70.  We are not required to
consider the merit of the defendants' affirmative defenses or to
balance the merit of defenses against the merit of the
plaintiff's claims.  Hoxworth, 980 F.2d at 922.

In Counts I and II of the complaint, the United States
alleges that the Secretary of the Treasury assessed federal
income taxes against Mervin Zimmerman and the M&M Family Trust.
These assessments are presumptively valid and the taxpayer bears
the burden of proving that the assessment is invalid or

-13-

incorrect. <u>Francisco v. United States</u>, 267 F.3d 303, 319 (3d Cir. 2001). Count III of the complaint asks the court to foreclose federal tax liens. An assessment of federal income taxes automatically causes a lien to arise on the property and rights to property of the assessed taxpayer. 26 U.S.C. §§ 6321-22; <u>see</u> <u>United States v. Green</u>, 201 F.3d 251, 253 (3d Cir. 2000). The United States alleges that the M&M Family Trust is a nominee or alter ego of Mervin and Mildred Zimmerman. If proven, the United States could obtain court approval to sell property held in the name of M&M Family Trust to satisfy Mervin Zimmerman's unpaid federal tax liability. <u>See</u> 12 Pa. Cons. Stat. 5104; <u>Drye v. United States</u>, 528 U.S. 49, 58-59 (1999); <u>Green</u>, 201 F.3d at 251.

  Finally, entry of default judgment is the only appropriate sanction for defendants' contumacious conduct given the disregard all three defendants have shown for this court's orders and the discovery process. A lesser consequence would not appropriately redress defendants' flagrant misbehavior. <u>See</u> <u>Hempfling</u>, 2008 WL 703809 at *9. A lighter repercussion would reward defendants for their contempt and would encourage others to flout this court's orders. <u>See</u> <u>Nat'l Hockey League</u>, 427 U.S. at 643.

  Accordingly, we will grant the United States' motion and enter default judgment against the defendants.